UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-70-RJC

| | |
|---|---|
| ANTONIO MOSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CHARLOTTE MECKLENBURG POLICE ) | |
| DEPARTMENT, J. REDFERM, Detective, ) | **ORDER** |
| JIM AGETRICK, Detective, TAMMY CLARY, ) | |
| Detective, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. § 1915A, on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), on Plaintiff's Motion to Appoint Counsel, (Doc. No. 3), and on Plaintiff's Second Motion to Appoint Counsel and Motion to Reassign Case, (Doc. No. 9).

**I.   BACKGROUND**

Pro se Plaintiff Antonio Mosley is a federal detainee who is currently incarcerated in the Mecklenburg County Jail in Charlotte, North Carolina. The Court's records show that on February 22, 2012, Plaintiff pled guilty in this Court to possession of a firearm by a convicted felon under 18 U.S.C. § 922(g). (Crim. Case No. 3:11cr336, Doc. No. 16: Acceptance and Entry of Guilty Plea). On February 8, 2013, the Honorable Max O. Cogburn, Jr., sentenced Plaintiff to 100 months' imprisonment. (Id., Doc. No. 67: Judgment).

In this action, filed on February 5, 2013, pursuant to 42 U.S.C. § 1983, Plaintiff has named as Defendants the Charlotte Mecklenburg Police Department and J. Redferm, Jim Agetrick, and Tammy Clary, all alleged to be police detectives with the Charlotte Mecklenburg

Police Department. The Complaint indicates that Plaintiff was initially arrested by Charlotte-Mecklenburg police officers and, after an investigation into state criminal charges against him, Plaintiff was released to federal authorities, who subsequently brought the federal charge of possession of a firearm by a convicted felon against Plaintiff.

In his Complaint, Plaintiff alleges that Defendants violated numerous of Plaintiff's federal constitutional rights during the investigation leading to Plaintiff's arrest and subsequent conviction for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g). For instance, Plaintiff alleges that Defendants gave him no Miranda warning before a custodial interrogation and that Defendants made intentionally false statements and threats in order to coerce Plaintiff into confessing to being in possession of a firearm. (Doc. No. 1 at 7). Plaintiff alleges that Defendants subsequently contacted Bureau of Alcohol, Tobacco, Firearms, and Explosives Special Agent Robert F. Bryson with Plaintiff's coerced confession, and that the confession was necessary to establish probable cause to arrest Plaintiff on the federal charge of possession of a firearm by a convicted felon. (Id. at 6).

Plaintiff attached an application to proceed in forma pauperis to the Complaint. On February 14, 2013, officials at the Mecklenburg County Jail submitted Plaintiff's inmate trust account statement showing that as of February 11, 2013, the balance in Plaintiff's account was $57.00. The Court is satisfied that Plaintiff does not have sufficient funds with which to pay the filing fee in this matter. Therefore, Plaintiff's motion to proceed in forma pauperis shall be granted for the limited purpose of this initial review.

II.     STANDARD OF REVIEW

28 U.S.C. § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. See also 28 U.S.C. § 1915(e)(2).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Motions for Appointment of Counsel

First, Plaintiff has filed two separate motions for appointment of counsel. See (Doc. Nos. 3; 9). In support of the motions, Plaintiff states that his detainee status will greatly limit his ability to litigate this action; that the issues in this case are complex; that he lacks the education and literacy necessary to represent himself; and that his medications and mental health issues will negatively affect his ability to litigate this case. See (Doc. Nos. 3 at 3-5; 9 at 2-3). There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motions for appointment of counsel will be denied.

### B. Motion to Reassign Case

In one of his motions for appointment of counsel, Plaintiff also brings a motion to

3

Case 3:13-cv-00070-RJC   Document 10   Filed 02/21/13   Page 3 of 6

reassign case, (Doc. No. 9), in which he seeks to have an "outside judge" adjudicate his claims brought in this action because he contends that he cannot get a fair hearing by any of the judges in this district. See (Doc. No. 9 at 3). Plaintiff contends that he cannot get a fair hearing on his claims in this district because he has "written complaints to" some of the judges in this district and because the judges are a "secret society of brotherhood." (Doc. No. 9 at 3).

Generally, 28 U.S.C. § 455 governs the disqualifications of a judge and provides that a judge should disqualify himself when, among other reasons, the judge's impartiality might be questioned or he has a personal bias or prejudice concerning a party. See 28 U.S.C. § 455(a), (b)(1). In considering whether a judge's impartiality might be questioned, an "objective reasonableness" standard applies and "is not to be construed to require recusal on spurious or loosely based charges of partiality." McBeth v. Nissan Motor Corp. USA, 921 F. Supp. 1473, 1477 (D.S.C. 1996). "Conclusory allegations charging the judge with improper conduct . . . cannot justify disqualification." Duplan Corp. v. Deering Milliken, Inc., 400 F. Supp. 497, 513 (4th Cir. 1975).

Plaintiff's mere conclusory assertions that the judges in this district are part of a "secret society of brotherhood" and that Plaintiff has allegedly written complaints about some of the judges are insufficient to warrant recusal from the judges in this district for either impartiality or bias. Therefore, Plaintiff's motion to reassign, (Doc. No. 9), is denied.

    C.    <u>Initial Review</u>

In his Complaint, Plaintiff is challenging the actions of Defendants arising out of Plaintiff's conviction in this Court for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g). It is well settled under the principles announced by the Supreme Court in <u>Heck v. Humphrey</u> that a plaintiff cannot receive damages or equitable relief via a Section 1983 action

4

Case 3:13-cv-00070-RJC   Document 10   Filed 02/21/13   Page 4 of 6

for an allegedly unconstitutional conviction without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus. 512 U.S. 477, 486-87 (1994). See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (noting that Heck applies regardless of the type of relief sought). Thus, the Court must consider whether a judgment in Plaintiff's favor in this action would necessarily imply the invalidity of his conviction. If it would, the Court must dismiss the Complaint unless Plaintiff can demonstrate that the conviction has already been favorably terminated. Heck, 512 U.S. at 487.

Here, Plaintiff contends that Defendants violated his Miranda rights and that his confession to police regarding his possession of a firearm was coerced, resulting in his "loss of freedom." (Doc. No. 1 at 13). Plaintiff is therefore clearly challenging his Section 922(g) conviction based on Defendants' alleged constitutional violations. Plaintiff's successful challenge in this case would imply the invalidity of Plaintiff's underlying Section 922(g) conviction in this Court, and Plaintiff has not shown that his conviction has been favorably terminated. Therefore, the Complaint is subject to dismissal as barred by Heck. Accord Bowden v. Plyler, No. 3:10cv12-1-MU, 2010 WL 339027 (W.D.N.C. Jan. 22, 2010).

**IV. CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED;**

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 3), is **DENIED**;

3. Plaintiff's Second Motion to Appoint Counsel and Motion to Reassign Case, (Doc. No. 9), is **DENIED**;

4. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED without prejudice** as barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); and

5. The Clerk is instructed to close this case.

Signed: February 20, 2013

Robert J. Conrad, Jr.
Chief United States District Judge

6